# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| RAVSHAN NURITDINOV, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 1:22-cv-443-JPH-KLL |
| | : | |
| MEDA-CARE TRANSPORTATION | : | Judge Jeffery P. Hopkins |
| INC., | : | |
| | : | |
| *Defendants.* | : | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 21) AND OVERRULING OBJECTION (DOC. 22)

---

This matter is before the Court on the Report and Recommendations issued by Magistrate Judge Karen L. Litkovitz on July 18, 2023 (Doc. 21) ("R&R"). The R&R recommends that the Court grant Defendant's Motion to Dismiss (Doc. 6) ("Dismissal Motion") because of Plaintiff's failure to exhaust his administrative remedies, but that Plaintiff be granted leave to file an amended complaint. The R&R also denied Plaintiff's requests for a hearing or oral argument (Docs. 9, 14 & 17) ("Hearing Requests") and his "Motion to Add One More Information to the Complaint" (Doc. 10) ("Motion to Add"). Plaintiff timely objected to the R&R (Doc. 22).

A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Objections must be "specific" to be proper; general or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health &*

*Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). And "there is no requirement for a district court to review aspects of a magistrate judge's report where a party has failed to make specific objections." *Anderson v. Cnty. of Hamilton*, 780 F. Supp. 2d 635, 642 (S.D. Ohio 2011) (citing *Thomas v. Arn,* 474 U.S. 140, 149–50 (1985)). Parties are generally not allowed to raise in an objection "new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  At the same time, an objection should not merely restate claims already made and rejected. *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition[.]").

The Court has carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and the filings in this case. Having done so, the Court determines that Plaintiff's objections should be overruled and that the R&R should be adopted. Plaintiff's objections in large part restate his claims against Defendant Meda-Care and recount his attempts to go to the EEOC office during COVID shutdowns.[1] The Court finds that the objections "merely restate the claims made in the initial petition, 'dispute the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object to the report and recommendation and refer to several of the issues in the case.'" *Bradley*, 2018 WL 5084806, at *3 (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (cleaned up). But even conducting a *de novo* review, the Court reaches the same conclusion: that Defendant's Dismissal Motion should be granted for Plaintiff's failure to exhaust

---

[1] Plaintiff also appears to object to the portion of the R&R which summarizes Defendant's arguments in the Dismissal Motion. In providing this background, the Magistrate Judge was not herself finding that Plaintiff "fail[ed] to allege that [he] suffered an adverse employment action" or "that he was treated less favorably than similarly situated non-protected employees." Doc. 21 at PageID 223; Doc. 22 at PageID 242. Rather, those were arguments the Magistrate Judge specifically declined to address.

administrative remedies, but that Plaintiff should be permitted an opportunity to file an amended complaint limited to addressing the deficiencies identified in the R&R. As the Magistrate Judge set forth:

> plaintiff must allege in any such amended complaint whether he stated an EEOC charge that (1) was in writing, (2) named the charged party, and (3) was reasonably construed by an objective observer as a request that the EEOC take remedial action. Otherwise, plaintiff must allege specific circumstances that might give rise to equitable tolling beyond generalized difficulties; e.g., that Covid-19 *actually caused* his failure to exhaust his administrative remedies.

Doc. 21 at PageID 229.

Finally, Plaintiff also objects to the Magistrate Judge's denial of his Hearing Requests and Motion to Add. But those rulings were not recommendations to the undersigned under 28 U.S.C. § 636(b)(1)(B). Those motions constituted pretrial matters properly heard and determined by the Magistrate Judge under § 636(b)(1)(A). Although the Court may reconsider such an order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), the Court does not find that to be the case here.

For the reasons stated above, it is hereby **ORDERED** that the R&R is **ADOPTED** in its entirety and Defendant's Dismissal Motion is **GRANTED**. However, Plaintiff is **GRANTED** <u>21 days</u> from the date of entry of this Order to file an amended complaint that addresses the deficiencies identified in the R&R.

**IT IS SO ORDERED.**

Dated:  September 30, 2023

Hon. Jeffery P. Hopkins
United States District Judge

3